# Richmond.

## Norfolk & Western Railway Company v. Scruggs.

### March 1, 1906.

1. RAILROADS—*Public Crossings—Overhead and Under Track Crossings—Signals.*—The notice required of those operating railroads in approaching highway crossings with engines is regulated in this State by statute. A former statute required that a whistle should be sounded "before a highway crossing is reached." Under the present statute, on which this action is founded, the sounding of the whistle is only required on approaching *grade* crossings of public highways. The object of the change in phraseology was to encourage the construction by railroads of overhead or under track crossings. Under the present statute, it is not negligence to fail to sound the whistle on approaching an overhead or under track crossing.

Error to a judgment of the Circuit Court of the city of Lynchburg in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.
error.

*Reversed.*

The opinion states the case.

*F. S. Kirkpatrick,* for the plaintiff in error.

*Caskie & Coleman,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The declaration in this case alleges, in substance, that at the point where the plaintiff received the injuries complained of the track of the defendant company crosses the public highway on a fill, with an archway therein through which the highway passes; that just east of the fill is a railway cut; that while the plaintiff was traveling along the highway, in a vehicle drawn by a horse, and was about to pass under the railway track, without being aware of the approach of any train or engine, one of the engines of the defendant, known as a "pusher," was, by the careless and negligent act of the defendant, suddenly and without notice of its approach, run out of the cut and upon the archway through the fill, causing the plaintiff's horse to become frightened, and resulting in the injury for which compensation is sought in damages.

The demurrer to the declaration calls in question the right of the plaintiff to recover upon the facts alleged; it being contended that the defendant company was under no obligation to give notice of the approach of its engine to a highway not crossed by it at grade, or on the same level.

The notice required of railroads in approaching highway crossings is regulated in this State by statute. The history of our legislation on the subject is brief and of comparatively recent date.

The first act relating to the matter was approved March 5, 1894. This statute, so far as pertinent, provides "that a bell and a steam whistle shall be placed on each locomotive engine operated on any railway in this State, and said whistle shall be at least twice sharply sounded, not less than three hundred yards before a highway crossing is reached." Acts 1893-'94, page 827-8.

The last act relating to the subject is to be found in the recent public service corporation act, approved January 18,

1904. This statute provides that "Every railroad company whose line is operated by steam, shall provide each locomotive engine passing upon its road with a bell of ordinary size, and steam whistle, and such whistle shall be sharply sounded outside of incorporated cities and towns, at least twice, at a distance of not less than three hundred yards nor more than six hundred yards from the place where the railroad crosses upon the same level any highway or crossing, and such bell shall be rung or whistle sounded continuously or alternately until the engine has reached such highway crossing, and shall give such signals in cities and towns as the legislative authorities thereof may require. And the said company shall be liable for damages which shall be sustained by any person by reason of such neglect." Acts 1902-'03-'04, p. 968, ch. IV, sec. 24—now carried into Va. Code 1904, sec. 1294d, sub-sec. 24.

The same Legislature which enacted this statute also, by an act approved March 15, 1904 (Acts 1904, p. 368), repealed the first-mentioned act of 1894, thus leaving as the only statute on the subject that found in Va. Code 1904, section 1294d, sub-section 24.

The effect of the existing statute, which limits the duty of sounding the whistle or ringing the bell to occasions when the engine is approaching a highway which the railroad crosses *upon the same level,* is to exempt the railroad company from giving such notice when the engine is approaching a point where it crosses the highway on an overhead bridge. The change from the statute of 1894 to the existing law must mean this, or it would accomplish nothing. The purpose of the Legislature was obviously to encourage the abolition of grade crossings, which have proved to be such a constant menace to human life, and to encourage the substitution of crossings either above or below the public highway. This is declared to be the legislative policy by

the same act which embraces the existing law with respect to crossings. Va. Code 1904, sec. 1294d, sub-sec. 38.

The great danger of railroads crossing public highways at grade is well understood, and the increase of population is adding daily to the number of those who suffer therefrom. Building bridges over highways by railroads, while expensive, is a matter of vast importance and greatly to be desired in the interest of all concerned, and every encouragement should be given to that end. Where the railroad crosses the highway by means of a bridge over it, the statute wisely refrains from imposing the burden, obstruction or inconvenience of the regulations and precautions applicable to grade crossings. If the railroad, when it avoids the danger of a grade crossing by erecting a bridge over the highway, is to be still required to ring its bell, blow the whistle and use all the precautions applicable to grade crossings, there would be little inducement to incur the cost of such constructions in the public interest.

We are of opinion that the declaration does not state a case which, under the statute, entitles the plaintiff to recover. The judgment complained of must, therefore, be reversed, and the verdict of the jury set aside. And this court will enter such judgment as the lower court ought to have entered, sustaining the demurrer to the declaration and dismissing the case with costs.

BUCHANAN, J., concurs in result, but not in the opinion.

*Reversed.*